# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40717
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO ESCOBAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-529-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Antonio Escobar was convicted by a jury of possessing cocaine with intent to distribute and sentenced to 120 months of imprisonment. On appeal, he contends that (1) the district court erroneously denied his motion to suppress evidence; (2) he was denied the right to present a complete defense; (3) the Government's closing argument was prejudicially improper; and (4) the evidence was insufficient to prove his guilt. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40717

Escobar fails to show that the district court erred in denying his motion to suppress the cocaine that Border Patrol agents discovered in his truck. *See United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005). The less-than-three-minute immigration stop was sufficiently brief under the Fourth Amendment, *see United States v. Martinez-Fuerte*, 428 U.S. 543, 563 (1976), and Escobar's nervous and evasive behavior, unusual responses to lawful questions, and provision of a suspicious bill of lading gave agents sufficient reasonable suspicion to extend the stop, *see United States v. Ventura*, 447 F.3d 375, 378 (5th Cir. 2006). *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), does not alter this calculus. *See United States v. Tello*, 924 F.3d 782, 785-89 (5th Cir. 2019).

We review Escobar's unpreserved right-to-present-a-defense argument for plain error. *See United States v. Gibson*, 875 F.3d 179, 193 (5th Cir. 2017); *United States v. Snarr*, 704 F.3d 368, 382 (5th Cir. 2013). He cannot show plain constitutional error because he fails to address whether the alleged error by the district court seriously affects the fairness, integrity or public reputation of judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Andaverde-Tinoco*, 741 F.3d 509, 523 (5th Cir. 2013). In any event, Escobar fails to show that the court clearly or obviously violated his right to present a defense. *See United States v. Kuhrt*, 788 F.3d 403, 421 (5th Cir. 2015); *Puckett*, 556 U.S. at 129. The jury already knew Villanueva had driven the truck immediately before Escobar. And the court did not prohibit Escobar from introducing Villanueva's prior conviction or calling Garcia to elicit his false initial statements. To the extent that he raises a preserved challenge to the evidentiary ruling, any error was harmless. *See United States v. El-Mezain*, 664 F.3d 467, 526 (5th Cir. 2011).

No. 18-40717

Escobar likewise fails to show that the prosecutor's single erroneous recitation of the Government's burden of persuasion on the knowledge element of a 21 U.S.C. § 841 offense affected his substantial rights. *See United States v. Gracia*, 522 F.3d 597, 599 (5th Cir. 2008); *Puckett*, 556 U.S. at 129. Given the isolated nature of the remark in an otherwise unobjectionable closing argument, the district court's curative jury instruction, and the strength of the evidence of guilty knowledge, the prosecutor's singular comment did not cast serious doubt on the correctness of the jury's verdict. *See Gracia*, 522 F.3d at 603; *Houston v. Estelle*, 569 F.2d 372, 383 (5th Cir. 1978).

Finally, as Escobar concedes, his contention that the evidence was insufficient to convict him under § 841 because the Government failed to prove that he knew the specific type or quantity of drugs in his possession is foreclosed. *See United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009); *United States v. Gamez-Gonzalez*, 319 F.3d 695, 700 (5th Cir. 2003).

The judgment is AFFIRMED.